David H. LACKEY, Plaintiff–Appellant,

v.

JACKSON COUNTY, TENNESSEE, et al., Defendants–Appellees.

No. 03–5193.

United States Court of Appeals, Sixth Circuit.

June 22, 2004.

William O. Bush, Law offices of William Bush, Mary Dee Allen, Cookeville, TN, for Plaintiff–Appellant.

William B. Jakes, III, Howell & Fisher, Nashville, TN, for Defendants–Appellees.

Before: KENNEDY, MARTIN, and ROGERS, Circuit Judges.

KENNEDY, Judge.

Plaintiff David H. Lackey appeals the district court's order granting Defendants' motion for summary judgment and denying Plaintiff's motion for partial summary judgment in this case where Plaintiff was fired for excessive absenteeism. Because we find that Plaintiff failed to establish that he has a "serious medical condition" that would entitle him to the protection of

The Family and Medical Leave Act of 1993 ("FMLA"), we **AFFIRM**.

## BACKGROUND

Plaintiff began working for Defendants as a correction officer on or about September 1, 1998. During the same period of time, he also served as Mayor of Gainesboro, Tennessee. Prior to his employment as a corrections officer, Plaintiff was a county commissioner for Jackson County, Tennessee from 1990 to 1998. During 2000, Plaintiff was absent from work on January 10–12, February 24–25, February 29–March 1, March 5–7, June 24, and August 1. On January 15, 2000, Defendant Wayne Mahaney, the Jackson County Sheriff, orally informed Plaintiff that from there on, anytime he missed work because of an illness, he would need a doctor's statement. The Sheriff did not normally require employees to return doctors' statements for illness-related absences unless he thought the employee was abusing the system and was not truly sick. The district court had before it the doctors' statements for March 2, 2000, and March 7–8, 2000. No statements were presented for the other post-January 15, 2000 absences.[1] Defendant Mahaney terminated Plaintiff's employment with the Sheriff's Department in early August, 2000. In the separation notice, dated August 10, 2000, Defendant Mahaney stated that the reason for Plaintiff's discharge was that he "did not report to work on Saturday, 8–5–00 after meeting with City [Government and] was to come to work after meeting and (appx.6:45)—did not show."[2]

It appears that Sheriff's Department did not implement the FMLA.[3] No written FMLA policy was ever prepared or distributed. The Sheriff's Department also failed to post the FMLA informational poster at the Sheriff's Department, as required by the regulations. 29 C.F.R. § 825.300. Sheriff Mahaney, who administered medical leave for the employees of the Sheriff's Department and who terminated Plaintiff's employment, with refreshing candor admitted that he did not "understand a thing about [the FMLA.]" Nor did Sheriff Mahaney understand what type of health conditions would qualify for protection under the FMLA. According to Sheriff Mahaney, none of his employees had ever taken FMLA leave. Defendants do note in their appellate brief that Plaintiff, prior to his employment with the Sheriff's Department, was a member of the "Personnel Committee for Jackson County, Tennessee." On July 17, 1995, that Committee (presumably while Plaintiff was on it) recommended that a personnel policy be adopted which included a section specifically outlining Jackson County's employees' rights under the Federal Leave Act of 1993 and a section out-

1. According to Plaintiff, he complied with his employer's notification policy for each of these absences (with the exception of a pre-approved absence on August 1, 2000) by (1) calling the Sheriff's Department prior to the start of his shift, and (2) notifying the person who answered the phone that he would be absent and the reason for the absence.

2. In response to Plaintiff's EEOC complaint, Defendant Mahaney stated in a July 23, 2001 letter that Thursday nights were Plaintiff's regular mayoral meetings so "[m]ost of the time he was given [T]hursday and [F]riday nights [off], so it would not be a problem with his meetings."

3. The FMLA "allows 'eligible' employees of a covered employer to take job-protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or accrued it, for up to a total of 12 workweeks in any 12 months ... because the employee's own serious health condition makes the employee unable to perform the functions of his or her job." 29 C.F.R. § 825.100(a).

lining requirements of providing notice and medical information to the employer.

On August 7, 2000, Plaintiff filed a claim for unemployment compensation. In response to questions in a "Claimant's Separation Questionnaire," Plaintiff stated that: (1) he was discharged for being "absent/tardy;" and (2) the absence was not due to illness, but because Plaintiff was attending a meeting of the Mayor and chairmen. On September 15, 2000, Plaintiff testified before the Tennessee Department of Labor and Workforce Development, Employment Security Division Appeals Tribunal. The Tribunal, in its findings of fact, concluded that Plaintiff was terminated because he took time off for city council meetings. The Sheriff's Department presented no evidence at this hearing. Defendant Mahaney did tell the Tribunal, in response to Plaintiff's application for unemployment, that on the occasions when Plaintiff was absent, his "wife would call and say he was sick and he would be out 3 or 4 days at a time. I would have to work people over and give them comp days. I do not have enough people to do that.... I had talked to [Plaintiff] several times about the hard ship [sic] I had when he did not work." On February 5, 2001, Plaintiff submitted an application for employment with the Upper Cumberland Human Resources Agency ("UCHRA") requesting employment for "whatever is available." In the employment application, in response to the question "Is there anything which affects your ability to perform job-related functions?," Plaintiff answered in the negative. He also stated that he left the Sheriff's Department for "political reasons." At no time before beginning or since starting work as a van driver for UCHRA did Plaintiff disclose any serious or chronic health conditions to his supervisor at UCHRA, Jean Bilbrey, or advise

her of any accommodations he required to perform his job.

On May 1, 2001, Dr. Toney Hudson, a medical doctor licensed by the State of Tennessee, performed a physical examination of Plaintiff as a condition for employment with UCHRA. During that examination, Dr. Hudson took Plaintiff's physical history. Plaintiff denied any permanent defect from illness, disease or injury, and Dr. Hudson found no disabling or serious health conditions during this examination. Plaintiff did, however, indicate during the examination that he suffered from diabetes and high blood pressure.

On June 19, 2001, Plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission ("THRC") and EEOC, claiming that he was fired for taking time off from work for medical conditions. Plaintiff asserted that he took medical leave for periodic exacerbations of chronic back problems, migraine headaches, colon fistula, diabetes, and high blood pressure with irregular heartbeat. He also asserted that his health conditions are characterized by "severe episodic flare-ups" during which he must take time off from work to recuperate. Finally, he asserted that because of his health conditions, he requires regular breaks to monitor his blood sugar, eat regular snacks and take medications, and some additional time off for visits to the doctor. According to Plaintiff, Defendant Mahaney was aware of Plaintiff's back problems, diabetes, and high blood pressure because of their long-standing relationship that has continued over the past fifteen to twenty years. According to Defendant Mahaney, Plaintiff may have mentioned some of his problems in casual conversation but that Plaintiff never mentioned them "to the extent that [they] would interfere with his job." Defendant Mahaney testified in his deposition that he would not rehire Plaintiff because

of how the latter handled the whole incident, including his filing of a lawsuit.

On August 8, 2001, Plaintiff filed this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act ("ADA,") 42 U.S.C. § 12101, et seq., and the Tennessee Human Rights Act ("THRA,") TENN.CODE ANN. § 4–21–302, et seq., against Defendants Jackson County, Tennessee, Jackson County Sheriff's Department ("Sheriff's Department,") and Wayne Mahaney, individually and in his official capacity as Sheriff of Jackson County, Tennessee. Plaintiff alleged that Defendants violated the FMLA, ADA and THRA by firing him for "excessive absenteeism" after he took medical leave. Plaintiff sought damages, interest, and liquidated damages arising from his termination. Plaintiff voluntarily dismissed claims of direct discrimination under the ADA and THRA. The district court then granted Defendants' motion for summary judgment on the remaining claims and denied Plaintiff's motion for partial summary judgment on his retaliation claim under the FMLA, the ADA, the THRA, and the THA. This appeal followed.

## ANALYSIS

■ The district court found and the parties do not dispute that Plaintiff is an "eligible employee" entitled to the FMLA protection. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110(a).[4] The district court also found that the Jackson County and Defendant Mahaney, in his official capacity, are "covered employers" subject to FMLA's requirements. It also found that the Sheriff's Department and Defendant Mahaney, in his individual capacity, are

not "covered employers." Plaintiff, on this appeal, disagrees only with the finding that the Sheriff's Department is not a "covered employer." Defendants chose not to address this argument. The regulations provide that if "there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census' 'Census of Governments' will be determinative...." 29 C.F.R. § 825.108(c)(1). In this case, the Sheriff's Department is not listed as a public agency by the Census. See generally http://www.census.gov/govs/www/gid2002. html (listing all public agencies in the United States, including those in Jackson County, Tennessee). Accordingly, we find that the district court did not err when it found that the Sheriff's Department is not a proper defendant in the instant suit.

The district court also found that the three doctor notices that Plaintiff gave to Defendant as justification for his absences did not provide sufficient information necessary to determine "whether Plaintiff had an FMLA qualifying illness or whether these absences were ones for minor illnesses that should be addressed through the employer's sick leave policy and not through the FMLA." Plaintiff argues that the district court erred in this finding.

FMLA protection extends only to "serious health conditions." A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility, or (B) continuing treatment by a health care provider." 29 U.S.C.

---

4. An "eligible employee" is an employee of a covered employer who has been employed by the employer for at least twelve months, and for at least 1,250 hours of service during the twelvemonth period immediately preceding the commencement of the leave, and is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

§ 2611(11). Congress authorized the Secretary of Labor to promulgate regulations "necessary to carry out" the FMLA. 29 U.S.C. § 2654. The regulations provide a more detailed explanation of what qualifies as a "serious health condition" under the FMLA:

(a) For purposes of FMLA, "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves:

\* \* \* \* \* \*

(2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

(i) A period of incapacity (i.e., inability to work, attend school or perform other regular activities due to a serious health condition, treatment thereof, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

(A) Treatment two or more times by a health care provider ... or

(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

\* \* \* \* \* \*

(iii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(A) Requires periodic visits for treatment by a health care provider ...;

(B) Continues over an extended period of time ...; and

(C) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)

\* \* \* \* \* \*

(b) Treatment for the purposes of paragraph (a) of this section includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations.... Under paragraph (a)(2)(i)(B), a regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes ... activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

\* \* \* \* \* \*

(e) Absences attributable to incapacity under paragraphs (a)(2)(ii) or (iii) qualify for FMLA leave even though the employee ... does not receive treatment from a health care provider during the absence, and even if the absence does not last more than three days. For example, an employee with asthma may be unable to report for work due to the onset of an asthma attack or because the employee's health care provider has advised the employee to stay home when the pollen count exceeds a certain level.

29 C.F.R. § 825.114. Plaintiff argues that he is eligible for FMLA leave because of chronic back problems, diabetes and high

blood pressure with irregular heartbeat.[5] The district court concluded that aside from Plaintiff's own allegations and, at best, ambiguous doctor notes,[6] no evidence was presented to establish that Plaintiff has a "serious health condition." We agree.

■ Plaintiff argues that the district court overlooked another source of evidence, namely, Defendant Mahaney's admission that Plaintiff's blood pressure and back problems came up during their casual conversations since Defendant Mahaney had similar problems himself. Defendant Mahaney, however, also indicated that these problems were not serious enough to interfere with his job as a police officer. Based upon our *de novo* examination of the record, including Defendant Mahaney's deposition, we conclude that Plaintiff failed to establish that he had a "serious health condition" under 29 C.F.R. § 825.114(a)(2)(i) because he has produced no evidence that he had a period of incapacity relating to his diabetes, chronic back pains, or high blood pressure of more than three consecutive days.[7]

■ Plaintiff also failed to establish that he had a "serious health condition" under 29 C.F.R. § 825.114(a)(2)(iii) because he has produced no evidence regarding any of the three requirements of that paragraph. Plaintiff argues that since Defendant did not provide adequate notice to its employees under the FMLA, Plaintiff was discharged from his obligation to provide evidentiary support to Defendant. We disagree. Because of Defendant's failure to provide notice of what was required under the FMLA, Plaintiff may have been discharged from an obligation to provide Defendant with such a notice. Plaintiff, however, is not discharged from an obligation to prove to the federal court that he was entitled to FMLA protection. Plaintiff failed to present any evidence that would establish that he had a "serious health condition" within the meaning of the FMLA or the underlying regulations. At most, we have evidence that he may have told Defendant Mahaney that he had diabetes. That does not establish that he has it. Or, alternatively, that it rises to the level of "serious health condition." Nor is Plaintiff helped by the fact that the only medical conclusion in the record is from a doctor who found that Plaintiff had no "serious health condition." Plaintiff's attempts to discredit Dr. Hudson are irrelevant for our pur-

**5.** In his Supplemental Complaint, Plaintiff also alleged that he had migraine headaches and colon fistula. Since Plaintiff does not claim these injuries on appeal, we presume that they have been successfully healed.

**6.** We find that the district court did not err when it dismissed as irrelevant the three doctors' notices provided to Defendant after Plaintiff's March illness:

The first note, dated March 2, 2000, excuses Plaintiff from work on March 2, 2000, a day that Plaintiff was not scheduled to work. The note simply states "Excuse from work 3–2–00. Patient is to return in 6 days for tests." The second note, dated March 7, 2000, states that "patient seen this AM for labs, will be seen for appt. on 3–10–00."

This note does not indicate that Plaintiff was incapacitated or explain his absence on March 5th, 6th or the afternoon of the 7th. The third note, from a different doctor's office, also dated March 7, 2000, excuses Plaintiff for March 7th and 8th and states that "Lackey's condition caused his absence from 03/07/00 to 03/08/00."
*Lackey v. Jackson County, Tennessee*, No. 2:01–0058, slip op. at 29 (M.D.Tenn. Jan. 3, 2003).

**7.** Defendant Mahaney testified that Plaintiff was absent for a two to three-day period because of either a cyst or a fistula. We are unaware of any connection between a cyst or a fistula and any of the illnesses that Plaintiff alleges on this appeal amounted to a "serious health condition."

poses because even if we are to accept that his opinion is not legally relevant, Plaintiff has provided us with no *other* medical opinion to prove his case. Stated differently, aside from Plaintiff's own self-serving statements, we have no evidence that he has any of the illnesses he claims to have. We only know that he sometimes visited a doctor. We, however, do not know why he did. For example, his March 7, 2000 doctor's note is form a Neurology and Psychiatry Associates in Cookeville, Tennessee. Plaintiff has failed to show any relation between those two fields of medicine and diabetes, high blood pressure, or chronic back pains. Not all medical problems are subject to the FMLA. It is Plaintiff's burden to establish that his medical problems are severe enough to warrant the FMLA protection.

Because we find that Plaintiff failed to establish that he had a "serious health condition" under the FMLA, we do not reach the question of what effect, if any, Defendant's failure to comply with the FMLA's notice requirements had on Plaintiff's obligation to inform Defendant that his absence was protected by the FMLA.

Finally, the district court also found that Plaintiff failed to establish a claim of retaliation. We agree. First, Plaintiff's original discharge could not have been a retaliation for asserting his FMLA rights because Defendant did not know that Plaintiff was asserting his FMLA rights. *Accord King v. Preferred Technical Group,* 166 F.3d 887, 891 (7th Cir.1999) (holding that in a claim for retaliation under the FMLA, the question of intent is relevant). Second, Plaintiff's insistence that Defendant Mahaney's statement in his deposition that he would not rehire Plaintiff because of Plaintiff's filing of the lawsuit is irrelevant for the purposes of this appeal because Plaintiff has not reapplied for his old position or any other employment by the county.

## CONCLUSION

For the reasons stated above, we affirm the district court's order granting Defendants' motion for summary judgment and denying Plaintiff's motion for partial summary judgments.